# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA DE SANTOS, on behalf of herself and all other similarly situated,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>JACO OIL COMPANY,<br><br>　　　　　　Defendant. | Case No.: 1:14-CV-00738 -JLT<br><br>AMENDED SCHEDULING ORDER<br>(Fed. R. Civ. P. 16)<br><br>Pleading Amendment Deadline: 2/13/2015<br><br>Class Discovery Deadlines:<br>　　Non-Expert: 5/1/2015<br>　　Expert:  5/1/2015<br>Mid-discovery status conference:<br>　　12/16/2014 at 9:00 a.m.<br><br>Class Certification Motion Deadlines:<br>　　Filing:  7/31/2015<br>　　Opposition: 9/25/2015<br>　　Reply brief:  10/23/2015<br>　　Hearing:  12/7/2015 at 9:00 a.m. |

　　In light of the reassignment of this matter, the Court is now better able to accommodate the schedule proposed by the parties and, therefore, issues this amended case schedule.  This case schedule supercedes the prior order issued in this case in full.

**I.**　　**Pleading Amendment Deadline**

　　Any requested pleading amendments are ordered to be filed, either through a stipulation or motion to amend, no later than **February 13, 2015**.

///

**II.     Class Discovery Plan and Cut-Off Date**

The parties are ordered to complete all class discovery, pertaining to non-experts and experts, on or before **May 1, 2015**.

The parties are directed to disclose all class-related expert witnesses, in writing, on or before **March 6, 2015**, and to disclose all rebuttal experts on or before **April 3, 2014**. The written designation of retained and non-retained experts shall **be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A), (B), and (C) and shall include all information required thereunder**. Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions. Experts must be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

The provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly enforced.

A mid-discovery status conference is scheduled for **December 16, 2014** at 9:00 a.m.  A Joint Mid-Discovery Status Conference Report, carefully prepared and executed by all counsel, shall be electronically filed in CM/ECF, one full week prior to the Conference, and shall be e-mailed, in Word format, to JLTorders@caed.uscourts.gov. The joint statement SHALL outline the discovery that has been completed and that which needs to be completed as well as any impediments to completing the discovery within the deadlines set forth in this order. Counsel may appear via CourtCall, providing a written request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than five court days before the noticed hearing date.

**III.    Non-Dispositive Motions**

Any non-dispotive motions **SHALL** be filed no later than **May 8, 2015**, and heard no later than **June 5, 2015**.

No written discovery motions shall be filed without prior approval of the Court. A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by

1  agreement the issues in dispute.  If that good faith effort is unsuccessful, the moving party promptly
2  shall seek a telephonic hearing with all involved parties and the Court.  It shall be the obligation of the
3  moving party to arrange and originate the conference call to the court.  To schedule this telephonic
4  hearing, the parties are ordered to contact the Courtroom Deputy Clerk, Susan Hall at (661) 326-6620
5  or via email at SHall@caed.uscourts.gov.  **Counsel must comply with Local Rule 251 with respect to**
6  **discovery disputes or the motion will be denied without prejudice and dropped from calendar.**
7  In scheduling such motions, the Court may grant applications for an order shortening time
8  pursuant to Local Rule 144(e).  However, if counsel does not obtain an order shortening time, the
9  notice of motion *must* comply with Local Rule 251.
10  Counsel may appear and argue non-dispositive motions via CourtCall, providing a written
11  request to so appear is made to the Courtroom Deputy Clerk no later than five court days before the
12  noticed hearing date.
13  **IV.    Motions for Summary Judgment or Summary Adjudication**
14  **At least 21 days before** filing a motion for summary judgment or motion for summary
15  adjudication, the parties are **ORDERED** to meet, in person or by telephone, to confer about the issues
16  to be raised in the motion.
17  The purpose of the meeting shall be to: 1) avoid filing motions for summary judgment where a
18  question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole
19  or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the
20  issues for review by the court; 5) explore the possibility of settlement before the parties incur the
21  expense of briefing a summary judgment motion; 6) to arrive at a joint statement of undisputed facts.
22  The moving party shall initiate the meeting and provide a draft of the joint statement of
23  undisputed facts.  **In addition to the requirements of Local Rule 260, the moving party shall file a**
24  **joint statement of undisputed facts.**  The joint statement of undisputed facts **SHALL** include all facts
25  that the parties agree, for purposes of the motion, may be deemed true.  Thus, the moving party
26  **SHALL** provide opposing counsel a complete, proposed statement of undisputed facts **at least five**
27  **days before** the conference.
28  In the notice of motion the moving party shall certify that the parties have met and conferred as

ordered above, or set forth a statement of good cause for the failure to meet and confer.

### V.     Motion for Class Certification

The motion for class certification **SHALL** be filed no later than **July 31, 2014**. Opposition to the motion **SHALL** be filed no later than **September 25, 2015**. Neither the motion nor the opposition **SHALL** exceed 30 pages, exclusive of evidence and evidentiary objections, unless leave is granted by the Court prior to the filing. Any reply **SHALL** be filed no later than **October 23, 2015** and shall not exceed 15 pages, exclusive of evidentiary objections. Any objections to the evidence **SHALL** be filed at the same time as the opposition (for Defendant) and the reply (for Plaintiff).[1] A hard-copy, courtesy copy of all filings **SHALL** be sent via overnight mail to the Chambers of Judge Thurston at the United States Courthouse, 510 19th Street Suite 200, Bakersfield, CA 93301, at the same time the filing is submitted. All of the evidence in the hard-copy SHALL be numbered, tabbed and indexed.

The hearing on the motion for class certification is set on **December 7, 2015**, at 9:00 a.m. before Judge Thurston.

### VI.    Settlement Conference

If the parties believe the action is in a settlement posture, they may file a joint written request for a conference with the Court, including proposed dates for the conference. At that time, a settlement conference will be set with a Magistrate Judge in Fresno, California.

### VII.   Compliance with Federal Procedure

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto. The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load, and sanctions will be imposed for failure to follow both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

### VIII.  Effect of this Order

The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case. The hearing dates are specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to

---

[1] No motions to strike evidence will be entertained. If objections are sustained, the evidence will not be considered.

notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

**The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation.  Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

IT IS SO ORDERED.

Dated:   **August 27, 2014**                         **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE