UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA DE SANTOS, on behalf of herself and all other similarly situated,<br><br>                Plaintiff,<br>    v.<br><br>JACO OIL COMPANY,<br><br>                Defendant. | Case No.: 1:14-CV-00738 -JLT<br><br>ORDER GRANTING IN PART STIPULATION TO AMEND CASE SCHEDULE<br>(Doc. 20) |

      Before the Court is the stipulation of counsel to extend the deadlines related to nonexpert and expert discovery. (Doc. 20) Counsel report that they engaged in a failed mediation but would like to continue discussing settlement without the need to make ongoing discovery efforts. Id. at 2. Thus, they request a 30-day extension on the deadlines. Id. at 2-3.

      Counsel are reminded that, generally, the desire to conduct settlement negotioations is not considered good cause to amend the case schedule in that desire to make these efforts are reasonably anticipated at the time of the making of the case schedule. Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999) [Case schedules may be amended based upon "the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference."]

      On the other hand, Plaitniff offers no explanation why she cannot seek the requested amendment within the current deadlines. (Doc. 20 at 2) Indeed, seemingly, she has in her possession

the factual predicate for the amendment.  Id.  Thus, the Court is unclear why this amendment should wait until just before the close of discovery.  Importantly, the Court has granted an extension of time to allow the amendment already.  (Doc. 15)  Thus, this request is **DENIED.**

However, because the proposed amendment will not impact the class certification motion, the Court will **GRANT** the request **IN PART**:

    1.    The request to amend the case schedule is **GRANTED** as follows:

        A.    All expert discovery SHALL be completed no later than **6/30/15**;

        B.    All experts SHALL be disclosed no later than **5/15/15** and any rebuttal experts disclosed no later than **6/3/15**;

        C.    Any nondispositive motions related to class discovery SHALL be filed no later than **7/8/15** and heard no later than **8/5/15**.

    2.    The request to amend the case schedule to extend the deadline to file amendments is **DENIED**;

    3.    No further amendments, including amendments related to the anticipated class certification motion, are authorized.

IT IS SO ORDERED.

Dated:   **March 9, 2015**          **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE